UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_Delta_ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 16 2021

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

JOHNNY HARRIS

v.                                    CIVIL ACTION NO. 2:21-CV-00040-KGB

WEHCO VIDEO, INC.
Lori Haight, (individually)
Don Deem, (individually)
Charlotte Dial (individually)
Paul Morbeck (individually)

This case assigned to District Judge _Baker_
and to Magistrate Judge _Harris_

# COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g) and though the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 (2012) and through the Arkansas Civil Rights Act.

2. Plaintiff, Johnny Harris, is a citizen of the United States and resides at 130 Maribeth Street, Forrest City, St. Francis County, Arkansas, 72335, (870) 270-9565.

3. Defendant, Wehco Video, Inc., is located at 115 E. Capitol Avenue, Little Rock, Pulaski County, Arkansas, 72201. Defendants, Lori Haight, Don Deem, Charlotte Dial and Paul Morbeck's addresses are unknown to plaintiff at this time.

4. Plaintiff was employed by the defendant at East Arkansas Video at 4824 N Washington, St. Francis County, Forrest City, Arkansas, 72335.

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 through 44 of the complaint on or about February of 2020 through the present day.

6. Plaintiff filed charges against the defendant with the Equal Employment


Pg 1

Opportunity Commission charging defendant with the acts of discrimination indicated In paragraphs 9 through 45 of this complaint on or about August of 2020

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on January 25th, 2021, a copy of which notice is attached to this complaint.

8. Because of plaintiff's race and disability, defendant:(a) treated plaintiff in a disparate manner than other employees. (b) retaliated against plaintiff for complaining about his disparate treatment relating to his race (c) discriminated against the plaintiff by failing to provide a reasonable accommodation to plaintiff after defendant was notified of plaintiff's disability and (d) discriminated against plaintiff by hiring less qualified and less experienced white salesmen at a higher rate of pay and with more benefits than the plaintiff due to his disability even though plaintiff possessed the skills and abilities to do the job.

9. The circumstances under which the defendant discriminated against plaintiff were as follows: Depression is a disability for employment purposes under the ADA. Plaintiff has had a long time diagnosis of depression; anxiety; and PTSD.

10. Plaintiff was hired in 2012 as a part-time commercial sales rep to sell the company's internet, phone and cable TV services to businesses.

11. From 2012 through the present, plaintiff worked out of the East Arkansas Video Office in Forrest City but, because of plaintiff's sales ability, he was also requested by Wehco management to work in other cable systems owned by the company in the Searcy, Pine Bluff, and Hot Springs Arkansas areas.

12. During this time, the plaintiff trained other salesmen at the company's request and took on special assignments and handled customer service issues and complaints. Plaintiff was not paid for this work because he was paid commission only but plaintiff did this work voluntarily because of the freedoms he was allowed in terms of how he performed his work and that there was no quotas assigned to him.

13. Plaintiff made the biggest sales in terms of number of phone lines sold to a customer on one order by a direct salesman in company history multiple times and was never written up, disciplined or reprimanded regarding his work performance.

14. In 2018, Plaintiff emailed his superiors, Kristin Young and Lori Haight who is vice-president of marketing, a copy of a letter from his physician that stated that "Mr. Harris has allowed me to disclose his diagnosis of depression" and that "he is having trouble staying focused and completing daily tasks".

15. In January of 2020, Don Deem called the Plaintiff and informed him that he and Lori Haight were in charge of all of the salesmen at Wehco and that he wanted to meet with plaintiff to discuss some changes about the job.

16. Plaintiff met with Don at the Waffle House in Forrest City where Don told plaintiff that Wehco was paying salesmen three times what plaintiff was making in commission.

17. In addition Don stated that the company paid the other salesmen vehicle expense reimbursements plus a base salary that added an additional 12,000.00 per year in income although Don stated that Plaintiff wouldn't be getting that additional pay and benefits until plaintiff "proved" himself.

18. Don Deem told the Plaintiff that even without additional benefits, the increase in commission was pretty good money for black folks in this area and that he wouldn't have a problem getting someone else to take the job if plaintiff did not want it.

19. Don stated that plaintiff would no longer be allowed to work part-time and that plaintiff would be required to make 25-35 contacts daily with customers Monday through Friday and that plaintiff would be assigned a bi-weekly quota with penalties assessed up to and including termination of employment for not meeting standards.

20. Don also told plaintiff that Brandon Hornbeck would be plaintiff's immediate supervisor.

21. Don called plaintiff in May and told plaintiff to meet him at Luigi's in Bryant, Arkansas. At that meeting Don issued me a laptop and a cell phone. At that meeting plaintiff brought up the Pipe Drive CRM and inquired about how plaintiff could access it. Don told plaintiff that he (Don) would have to set up the account and email plaintiff the username since Don was the administrator.

22. Sometime in May or early June, Brandon Hornbeck met with plaintiff at the local office in Forrest City to set up the password on the company laptop and phone that Don Deem had given plaintiff at our meeting in Bryant, Arkansas a week or two earlier and when plaintiff asked him (Brandon) about the Pipe Drive password, Brandon called Don on the phone and spoke with him about it and plaintiff assumed that plaintiff would be getting the password and username shortly so that plaintiff could access the CRM.

23. It was at this meeting with Brandon Hornbeck that plaintiff asked if the other commercial salesmen had to prove themselves to get their base salary and auto expense reimbursements when they were hired as full time employees and he (Brandon) said no.

24. Plaintiff then asked Brandon if plaintiff was the only black commercial salesman employed with the company and Brandon told plaintiff yes.

25. Because of that information that plaintiff received from Brandon coupled with other experiences plaintiff had such as not being notified of promotion opportunities or open positions for which plaintiff was qualified in violation of company policy, and because these other salesmen had been receiving this higher pay for some time prior to it being offered to plaintiff, plaintiff then raised the issue of disparate treatment because of race in an email to Don In late May or Early June.

26. Within a couple of weeks plaintiff was retaliated against because of his email referring to and complaining about racial discrimination against plaintiff.

27. Subsequently, plaintiff hurt his back while out on a sales call in mid-June and reported it to his supervisors as required by company policy.

Pg 4

28. Company policy states that the company is to provide a list of approved doctors for a worker who is injured on the job to choose from. Plaintiff was not assisted or told what to do nor provided with the list of physicians.

29. Plaintiff was also not provided with form AR N, EMPLOYER'S NOTICE TO EMPLOYEE, as required by Ark. Code Ann. § 11-9--514 (c).

30. Plaintiff spoke with Perry Whitmore who was the Corporate Risk Specialist for the company and asked why plaintiff was having such trouble getting treatment for his injury through the company and Perry said that Lori Haight, Don Deem and Charlotte Dial (head of human resources) were saying that plaintiff was not an employee and that plaintiff was an independent contractor.

31. Plaintiff told Mr. Whitmore that plaintiff received W2 forms from the company every year since 2012 and had been sent invitations to enroll in the employee insurance program practically every year.

32. The company continued that stance for approximately two months until sometime in August. Mr. Whitmore told plaintiff that he had never seen an employee's injury handled that way in the entire time he had been with the company.

33. The company never provided plaintiff with the list of approved doctors to see for plaintiff's on the job injury and plaintiff paid out of his pocket for some treatment but could not afford to continue.

34. Plaintiff also immediately began to notice after his email complaining of racial discrimination that Don was leaving plaintiff out of information given to other salesmen such as pay detail reports; notification of Zoom sales meetings; updated pricing and offers; updated sales forms and other materials.

35. In addition, Don intentionally assigned unproductive work that prevented plaintiff from achieving sales goals and led to write ups.

36. As salesmen, we are allowed to plan our own work day and choose which customers to contact to make sales calls but in October and November of 2020 a couple of contact lists were assigned to plaintiff by Don Deem and Lori Haight and was made mandatory for plaintiff to complete.

37. The lists assigned to plaintiff were almost completely made up of corporate company accounts that are known to be harder to sell because the decision makers are almost always in corporate offices located elsewhere and usually out of state.

38. Each list contained approximately 35 customers and it was mandatory to complete it in a one week period and return the list with number of contacts, notes and results.

39. This additional work assigned to me by Don Deem and Lori Haight hampered my efforts to make quota. Also this added work was especially burdensome considering that it was during the holiday season and deer season when many decision makers are out of the office or unavailable, even those who are locally owned.

40. The Pipe Drive CRM would have greatly assisted me in processing the customer information, notes, appointments, record updates, and planning that go into the sales process and would have assisted plaintiff because of his disability, especially since plaintiff had taken on the full-time position instead of working part-time.

41. Less than a month after my email raising the issue of racism, plaintiff, along with the rest of the salepersons, was sent a non-compete agreement to sign.

42. Plaintiff had worked for the company for the previous eight years and this had not been requested nor had any other salespersons had to sign an agreement of that sort before that time.

43. The non-compete agreement stated that the company could confiscate any device that contained company records or information. That would have included plaintiff's personal cell phone and laptop because unlike the other salesmen, plaintiff had used his

personal devices for years for company business since starting with the company in 2012.

44. Plaintiff believes that this request for plaintiff to sign the non-compete agreement was also in retaliation for plaintiff's complaint of racism and disparate treatment on account of race.

45. The acts set forth in paragraphs 9 through 44 of this complaint are still being committed by defendant.

46. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant relief to the plaintiff in the form of compensatory damages for lost income and unreimbursed expenses, punitive damages for intentional infliction of emotional distress, unpaid medical bills and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, and all other relief to which the plaintiff is justly entitled. Plaintiff requests a jury trial.

JOHNNY HARRIS
P.O. BOX 2821
FORREST CITY, AR 72335
(870) 270-9565

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **AMENDED CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>493-2020-01597 and EEOC |

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MR. JOHN HARRIS** | **(870) 270-9565** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. BOX 2821, FORREST CITY, AR 72335** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (_If more than two, list under PARTICULARS below._)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **WEHCO MEDIA** | **15 - 100** | **(501) 378-3400** |

| Street Address | City, State and ZIP Code |
|---|---|
| **115 E CAPITOL AVE, LITTLE ROCK, AR 72201** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **06-01-2020**   Latest: **01-04-2021**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in 2013, as a Direct Sales Representative. In February 2020, I learned that I was being paid less, than sales representatives with less seniority. In June 2020, I learned that the sales representatives are white, and are being paid a 400 dollar general floor, 150 dollars in vehicle wear and tear, in addition to a commission rate of three times the customer's first bill.

**AMENDED:** Upon being notified of an injury, In or around Aug 2020, company representatives wrongfully denied me the access to medical treatment that would normally be extended to any employee by knowingly and falsely claiming that I was not an employee even though company records in their possession clearly showed that I was an employee. These actions interfered with my worker's compensation claim and caused me harm, and were in retaliation for the EEOC complaint that I had filed. Additionally, I have been treated disparately to include but not limited to denial of access to sales tools provided to other salesmen, i.e., access to Pipe Drive, the customer records management (CRM) used by

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by John Harris on 01-04-2021 06:51 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (_month, day, year_) |

pg 8

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>**493-2020-01597** |
|---|---|---|
| | | and EEOC |
| *State or local Agency, if any* | | |

salesmen to help manage their sales contacts more effectively and increase productivity, while being held to the same performance standards as salespersons with access to these tools, also in retaliation for my complaints of discrimination and EEOC Charge.

I believe that I've been subjected to different terms and conditions of employment because of my race(black), in violation of Title VII of the Civil Rights Act of 1964, as amended; (AMENDED) and, denied Worker's Compensation processing and claim approval and other disparate treatment, in retaliation for having engaged in protected activity to include the filing of my EEOC Charge, in violation of Title VII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| **Digitally signed by John Harris on 01-04-2021 06:51 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | John Harris<br>P.O. BOX 2821<br>Forrest City, AR 72335 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01597 | Chris E. Stafford,<br>Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

01/25/2021

Enclosures(s)

William A. Cash, Jr.,
Area Office Director

*(Date Issued)*

cc:
Charlotte Dial
VP of Administration
WEHCO Video, Inc.
PO Box 2221
Little Rock, AR 72203

Alec Gaines
Steel, Wright, Gray, PLLC
400 W. Capitol Ave., Suite 2910
Little Rock, AR 72201